UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERT BAUMER, BARBARA ALLEN,
THOMAS NEMES, and KEN REITZ,

       Plaintiffs,

                                          File No. 1:06-CV-573

v.

                                          HON. ROBERT HOLMES BELL

THOMAS BANDYK, an individual, and,
THOMAS BANDYK d/b/a
BANDYK & ASSOCIATES,

       Defendants.
                                          /

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs' renewed application for entry of default judgment against all Defendants. Plaintiffs sent a copy of the summons and complaint to an attorney in Illinois, Alan Farnell, via certified mail. (Pls.' Renewed Application, Docket #6, Ex. C, at 1.) The return receipt was returned to Plaintiffs, signed by an agent of Farnell. (*Id.*, Ex. C, at 2.) Plaintiffs also provide emails from Farnell in which he indicates that he will accept service of process on behalf of Thomas Bandyk and Bandyk & Associates. (*Id.*, Ex. A, at 1.) The Court denied the Plaintiffs' first application for entry of default on October 3, 2006 because of a lack of service of process. (Order, Docket #4.) The Plaintiffs filed a renewed application for entry of default on October 5, 2006 and, in addition to the materials filed with the original application, included a photocopy of the return receipt for the

summons and complaint mailed to Farnell's office. For the reasons that follow, the renewed application for entry of default is denied.

Plaintiffs must either serve the summons and complaint upon Defendants pursuant to the Federal Rules, obtain a waiver of service from Defendants pursuant to the Federal Rules or serve the Defendants pursuant to Michigan law. FED. R. CIV. P. 4(c-e). In order for service on Farnell to be valid as service on Defendants under Federal Rule 4(c), the Defendants must have authorized Farnell to accept service. *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997) ("The mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service."); *Schwarz v. Thomas*, 222 F.2d 305, 308 (D.C. Cir. 1955) ("The rule is clear that it must appear that any agent who accepts service must be shown to have been authorized to bind his principal by the acceptance of process . . . ."); 1 MOORE'S FEDERAL PRACTICE § 4.93 (Matthew Bender 3d ed.). In support of Farnell's authorization to accept service, the Plaintiffs offer emails from Farnell and allege in their pleadings that Bandyk directed Plaintiffs to communicate with Farnell. (Pls.' Renewed Application ¶ 2, Exs. A-B.) The Court need not resolve whether this is sufficient to show authorization, because even if Farnell was authorized to receive service on behalf of Defendants, Plaintiffs have not served Farnell under Federal Rule 4(c) or obtained a waiver under Federal Rule 4(d). Plaintiffs may have sought a waiver of service from Defendants via Farnell, but Plaintiffs have not filed a completed "Waiver of Service" as provided by Federal Rule 4(d)(4). If Defendants do no return a completed waiver form

to Plaintiffs to be filed with the Court, then Plaintiffs must personally serve Defendants. FED. R. CIV. P. 4(d)(2); *Troxell v. Fedders of N. Am.*, 160 F.3d 381, 383 (7th Cir. 1998). Upon review of the docket for this case, Plaintiffs have not filed a completed "Proof of Service" indicating personal service as provided by Federal Rule 4(c). Thus, Defendants have not been served pursuant to Federal Rule 4(c), nor have Defendants waived service pursuant to Federal Rule 4(d).

The Federal Rules also permit service "pursuant to the law of the state in which the district court is located . . . for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State . . ." FED. R. CIV. P. 4(e)(1). The Michigan Court Rules provide that

> [p]rocess may be served on a resident or nonresident individual by . . . sending a summons and a copy of the complaint by registered or certified mail, return receipt required, and delivery restricted to the addressee. Service is made when the defendant acknowledges receipt of the mail. A copy of the return receipt signed by the defendant must be attached to proof showing service under subrule (A)(2).

MCR 2.105(A)(2). In discussing the requirement that subsequent pleadings be served on the attorney of a represented party, the Michigan Court Rules provide that "[t]he original service of the summons and complaint *must* be made on the party as provided by MCR 2.105." MCR 2.107(B)(1)(a) (emphasis added). Based on the submissions made to this Court, the Plaintiffs have not sent the summons and complaint to either Thomas Bandyk or Bandyk & Associates via certified mail as required by Michigan Court Rule 2.105. The Plaintiffs have not served the Defendants as permitted by the Michigan Court Rules. Thus, service of

process has not been completed pursuant to the Michigan Court Rules as allowed by Federal Rule 4(e).

In the absence of service, or a waiver of service, entry of default is improper. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) ("[O]ne becomes a party officially, and is required to take action in that capacity, *only* upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." (emphasis added))

**IT IS HEREBY ORDERED** that Plaintiffs' renewed application for entry of default judgment against all Defendants (Docket #6) is **DENIED.**


Date:   October 10, 2006              /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE