UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERT BAUMER, BARBARA ALLEN,
THOMAS NEMES, and KEN REITZ,

      Plaintiffs,

                                          File No.  1:06-CV-573

v.

                                          HON. ROBERT HOLMES BELL

THOMAS BANDYK, an individual, and,
THOMAS BANDYK d/b/a
BANDYK & ASSOCIATES,

      Defendants.
                                             /

## MEMORANDUM OPINION AND ORDER

       This matter is before the Court on Plaintiffs' response to the Court's order to show cause for why Defendants had not been properly served within the 120 days required by Rule 4(m) of the Federal Rules of Civil Procedure.  Plaintiffs, Bert Baumer, Barbara Allen, Thomas Nemes and Ken Reitz, filed this action against Defendants, Thomas Bandyk and Thomas Bandyk doing business as Bandyk & Associates, on August 10, 2006, alleging violations of state and federal law in relation to Plaintiffs' investment of $550,000.00 with Defendants.

       Plaintiffs have filed three motions for default judgment in this case. After the Court denied the first two for inadequate service of process Plaintiffs submitted additional materials, in an apparent effort to remedy the deficiencies identified by the Court.  After the

Court denied the third motion for default judgment for inadequate service of process, the Court issued a show cause order because over 120 days had passed since the action was filed and Defendants still had not been served.

Rule 4(m) provides that if Plaintiffs show good cause for the failure to serve Defendants within the 120 day period, then the Court "shall extend the time for service for an appropriate period." FED. R. CIV. P. 4(m). "Establishing good cause is the responsibility of [Plaintiffs] and 'necessitates a demonstration of why service was not made within the time constraints.'" *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994)). Plaintiffs made two efforts to serve Defendants within the 120 day period. However, the Court found these efforts to be insufficient because they were not made on Defendants, but on Defendants' putative counsel. Plaintiffs response to the show cause order alleges additional facts on which Plaintiffs had concluded that there was sufficient agency between Defendants and Defendants' putative counsel to make service upon Defendants' putative counsel proper. The Court finds good cause based on Plaintiffs two efforts to serve Defendants and the facts supporting putative counsel's agency.

As Plaintiffs have shown good cause for the failure to serve Defendants, an extension of time to serve Defendants is proper under Rule 4(m) of the Federal Rules of Civil Procedure. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs shall have until **January 19, 2007** to properly serve Defendants.


Date:    January 4, 2007             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE