UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BERT BAUMER, BARBARA ALLEN,
THOMAS NEMES, and KEN REITZ,

       Plaintiffs,

                                      File No.  1:06-CV-573

v.

                                        HON. ROBERT HOLMES BELL

THOMAS BANDYK, an individual, and,
THOMAS BANDYK d/b/a
BANDYK & ASSOCIATES,

       Defendants.

_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs Bert Baumer, Barbara Allen, Thomas Nemes, and Ken Reitz's motion for entry of default judgment against Defendants Thomas Bandyk and Thomas Bandyk doing business as Bandyk & Associates.  (Docket #15.)  The Court held a hearing on May 18, 2007, and on August 24, 2007, Plaintiffs filed declarations setting forth their net losses on their investments with Defendants.  (Docket #28.)  Plaintiffs seek a default judgment in the amount of $1,658,950.00, which includes attorney fees and costs.

At the default judgment hearing Plaintiffs' counsel acknowledged that Plaintiff Ken Reitz is deceased.  At that time the Court ordered the substitution of the successor to Mr. Reitz's interest in this litigation.  Fed. R. Civ. P. 25(a)(1); *see also* 6 James Wm. Moore,

*Moore's Federal Practice* §§ 25.10, 25.12 (3d ed. 2007). Despite the admonition at the hearing, the proper party has not been substituted for Mr. Reitz. The Court declines to enter a default judgment in favor of Mr. Reitz until the proper party has been substituted for Mr. Reitz. Over three months have already lapsed since the Court first ordered the substitution of the successor to Mr. Reitz's interest in this litigation; thus, if the proper party is not substituted for Mr. Reitz by September 28, 2007, Mr. Reitz's claims will be dismissed.

Plaintiff Bert Baumer's declaration states that he invested $100,000.00 with Bandyk & Associates and that he has received distributions totaling $17,850.00 from Bandyk & Associates. (Docket #28, Ex. A., Baumer Decl. ¶1.) Therefore, Mr. Baumer's net loss on his investments with Bandyk & Associates is $82,150.00.

Plaintiff Barbara Allen's declaration states that she invested $240,000.00 with Bandyk & Associates and that she has received distributions totaling $31,000.00 from Bandyk & Associates. (Docket #28, Ex. B, Allen Decl. ¶1.) Therefore, Ms. Allen's net loss on her investment with Bandyk & Associates is $209,000.00.

Plaintiff Thomas Nemes' declaration states that he invested $160,000.00 with Bandyk & Associates and that he has received distributions totaling $50,400.00 from Bandyk & Associates. (Docket #28, Ex. C, Nemes Decl. ¶1.) Therefore, Mr. Nemes' net loss on his investment with Bandyk & Associates is $109,600.00.

Plaintiffs assert a claim under the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") and seek to have their damages trebled pursuant to 18 U.S.C.

§ 1964(c).  Federal Rule of Civil Procedure 9(b) requires RICO plaintiffs to "allege 'the time, place and contents of the misrepresentations'" "with the requisite particularity."  *Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006) (quoting *Bender v. Southland Corp.*, 749 F.2d 1205, 1216 (6th Cir. 1984)).  "'[F]acts which are not established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support'" a default judgment.  *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (quoting *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).  "[P]leading requirements should be enforced strictly when default judgments are sought under RICO."  *Id.* at 1393 (citing *Falk v. Allen*, 739 F.2d 461, 464 (9th Cir. 1984) (per curiam)).  Plaintiffs' complaint contains only general statement as to the time and place of the misrepresentations underlying their RICO claim.  Therefore, Plaintiffs are not entitled to have their damages trebled based on their RICO claim.  *Id.* at 1392-93.

Plaintiffs seek attorney fees in the amount of $8,600.00.  Plaintiffs state that this represents forty-three hours of time spent on this matter, but Plaintiffs have not provided any accounting for how these forty-three hours were spent.  The Court denies Plaintiffs' request for a default judgment as to attorney fees because of Plaintiffs' failure to provide any explanation of how these forty-three hours were spent.  Plaintiffs also seek to tax costs in the amount of $350.00, which is the amount of the filing fee Plaintiffs paid.  The Court grants Plaintiffs' request to tax costs in the amount of $350.00.

A partial judgment in favor of Bert Baumer, Barbara Allen, and Thomas Nemes will be entered consistent with this memorandum opinion.  Accordingly,

**IT IS HEREBY ORDERED** that if the proper party is not substituted for Ken Reitz by **September 28, 2007**, then Mr. Reitz's claims will be dismissed.

Date:  _____September 8, 2007_____        /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             CHIEF UNITED STATES DISTRICT JUDGE